UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PYLORD P. DOE, M.D.,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, *for the United States Department of Health and Human Services*,

    Defendant.

Civil Action No. TDC-14-1441

**MEMORANDUM OPINION**

Plaintiff Pylord P. Doe, M.D., brought this action against Defendant United States Department of Health and Human Services ("HHS") for alleged violations under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 *et seq.* (2012). Now pending before the Court is HHS's motion to dismiss, ECF No. 17, and Dr. Doe's motion for summary judgment, ECF No. 19. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons set forth below, the Government's motion to dismiss is GRANTED, and Dr. Doe's motion for summary judgment is DENIED.

**BACKGROUND**

This lawsuit follows the dismissal on summary judgment of Dr. Doe's earlier case in this Court against Donna E. Shalala, then-Secretary of Health and Human Services. *See Doe v. Shalala*, No. AMD-95-0153, Mem. Op. at 1 (D. Md. Aug. 27, 1997). In that case, Dr. Doe alleged race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, stemming from the termination of his visiting fellowship at the

National Institute of Neurological Disorders and Stroke ("NINDS") in Bethesda, Maryland. *Id.* 1–2, 6. The National Institutes of Health ("NIH") awarded Dr. Doe the fellowship in 1989. *Id.* at 2. Dr. Doe initially conducted research under Dr. Milton Brightman at the NINDS. *Id.* at 3–4. While working in Dr. Brightman's laboratory, however, Dr. Doe filed an informal complaint against Dr. Brightman with the NIH Office of Equal Opportunity in which he alleged that a lab assistant had discriminated against him, and that Dr. Brightman had inadequately addressed the discrimination. *Id.* at 4. Dr. Doe subsequently transferred to two different laboratories at NINDS at which he continued to have personal conflicts with fellow laboratory personnel. *Id.* NINDS eventually terminated Dr. Doe's fellowship in March 1992. *Id.* at 6.

On January 18, 1995, Dr. Doe filed the earlier lawsuit alleging that NIH discriminated against him by wrongfully terminating him, and that NIH interfered with his subsequent employment relationships in retaliation for filing the informal complaint against Dr. Brightman. *Id.* On summary judgment, the court (Davis, J.) concluded that Dr. Doe was not an NIH employee and thus could not recover under Title VII. *Id.* at 10–11. The United States Court of Appeals for the Fourth Circuit affirmed the district court's grant of summary judgment. *See Doe v. Shalala*, 139 F.3d 888, 1998 WL 129935, at *1 (4th Cir. Mar. 24, 1998) (per curiam).

In the present Complaint, Dr. Doe asserts that when he applied for a position with the National Institute on Drug Abuse ("NIDA") in 2012 through a personal contact with Dr. Phil Skolnick, the Drug Discovery Program Director, Dr. Skolnick did not offer Dr. Doe the job because of his "troubled background" with NIH and Dr. Brightman, and because Dr. Doe did not publish any articles while at NIH. Compl. at 4–5, ECF No. 1. The rejection prompted Dr. Doe to "do a literature search" in which he discovered that Dr. Brightman had plagiarized Dr. Doe's research findings in a 1992 article published in the academic journal, *Progress in Brain*

2

*Research. Id.* at 5; *see also* Compl. Ex. 3, ECF No. 1-4. The article listed as co-authors Dr. Brightman and three scientists from the Juntendo University School of Medicine in Tokyo, Japan. Compl. at 5; *see also* Compl. Ex. 3.

On May 7, 2013, Dr. Doe filed an administrative tort claim with the HHS Office of the General Counsel under the FTCA, alleging that a "document" by Dr. Brightman rendered him unemployable and that Dr. Brightman had plagiarized his research. Compl. Ex. 4, ECF No. 1-5. HHS denied the claim on July 2, 2013. *Id.* On December 13, 2013, Dr. Doe, proceeding *pro se*, filed this FTCA case against HHS in the United States District Court for the District of Columbia.[1] *See* ECF No. 1. In the Complaint, Dr. Doe asserts tort claims under the FTCA relating to the alleged discrimination and retaliation against him by NIH and Dr. Brightman, the continuing effect of his "negative personnel file" at NIH, and alleged plagiarism by Dr. Brightman. The case was transferred to this District on April 30, 2014. *See* ECF No. 8. HHS now moves to dismiss based on *res judicata* and the failure to state a claim under the FTCA. *See* ECF 17. In response, Dr. Doe moves for summary judgment. *See* ECF No. 19.

## DISCUSSION

### I. Legal Standard

To defeat a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.

---

[1] The FTCA requires plaintiffs to file suit in federal court within six months of the final denial of the administrative claim. 28 U.S.C. § 2401(b) (2012). Although HHS initially asserted that Dr. Doe's claim was not filed within this time period based on its belief from the court docket that Dr. Doe filed his case on January 30, 2014, which would be more than six months after HHS denied reconsideration of Dr. Doe's administrative claim on July 26, 2013, Def.'s Mem. Supp. Mot. Dismiss Ex. 4, ECF No. 17-5, it has since acknowledged that the actual complaint contains a date stamp indicating that the case was filed on December 13, 2013, and was thus timely filed. Def.'s Reply at 2 n.1, ECF No. 20. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (permitting consideration of additional evidence upon which the court may rely to resolve a subject matter jurisdiction dispute).

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pled allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth, *id.* at 678, "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). When resolving a motion to dismiss on *res judicata* grounds, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

## II. Res Judicata

*Res judicata* bars many of Dr. Doe's claims. Under the doctrine of *res judicata*, a final judgment on the merits in an earlier action precludes the parties from relitigating issues that were or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). *Res judicata* applies when there is: (1) a final judgment on the merits in a prior suit; (2) an identity of cause of action in both the earlier and later suit; and (3) an identity of parties or their privies in the two suits. *Id.* at 354–55. There can be no dispute that *Doe v. Shalala* culminated in a final judgment on the merits or that the parties in both suits are identical. In *Doe*

*v. Shalala*, Dr. Doe brought suit against HHS, as he does here, and the dismissal on summary judgment was affirmed by the Fourth Circuit.

The focus, then, is on the second prong. Cases involve the same cause of action if they arise out of the same transaction, series of transactions, or core of operative facts. *Pueschel*, 369 F.3d at 355. Even if the plaintiff is proceeding under a different legal theory, "[a]s long as the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal citation and quotation marks omitted). *Res judicata* bars not only claims actually litigated in the first case, but also claims that could have been litigated there. *Pueschel*, 369 F.3d at 355-56.

The underlying transaction of *Doe v. Shalala* involved the termination of Dr. Doe's fellowship with NINDS, allegedly for discriminatory reasons, and Dr. Brightman's alleged retaliation against Dr. Doe for filing an informal complaint. Here, the Complaint contains numerous allegations, ostensibly under the FTCA, arising from that episode. Dr. Doe claims discrimination and wrongful termination, with reference to Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, Compl. at 6–7, 13–18, 22, failure to prevent discriminatory acts, *id.* at 23, and retaliation, *id.* at 29. He claims that HHS was negligent in allowing his dismissal to go uninvestigated. *See, e.g., id.* at 10–11, 17, 23. He claims that HHS engaged in fraud when it terminated him. *See, e.g., id.* at 29. He also claims that these actions created an adverse personnel file against him. *Id.* at 3, 16. All of these claims are precluded because they arise from the same core of operatives facts, such that Dr. Doe raised or could have raised those claims in the earlier action. Indeed, Dr. Doe does not allege any new conduct on HHS's part, but rather identifies his initial termination in 1992 as the central harm. *See, e.g., id.* at 3 (alleging

that his termination at NIH established a ruinous personnel record that continues to cost him employment); *id.* at 6 ("[The history created by Dr. Brightman at NIH] has been the most important injury to Plaintiff's career."); *id.* at 10 (referring to "the dismissal of the original racial discrimination lawsuit from which this current complaint emerges").

It does not matter that the prior case was brought under Title VII, while the present case is brought under the FTCA. *See Pueschel*, 369 F.3d at 355–56 (finding that later FTCA and Title VII suits were barred by *res judicata* because they arose from the same core of operative facts as an earlier Title VII suit). Indeed, the FTCA discrimination claims are also subject to dismissal because they are preempted by Title VII. *Brown v. GSA*, 425 U.S. 820, 835 (1976) (holding that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment"); *Pueschel*, 369 F.3d at 353 (dismissing FTCA claims alleging discrimination as preempted by Title VII). Accordingly, the vast majority of Dr. Doe's claims are barred by *res judicata*.[2]

### III.   FTCA

The only claims not clearly barred by *res judicata* are the plagiarism claim relating to Dr. Brightman and the claim that HHS is responsible for recent denials of Dr. Doe's applications for employment. These claims nevertheless fail because they do not constitute recognizable causes of action under the FTCA. Absent a statutory waiver, the United States is shielded from suit for

---

[2] Dr. Doe also alleges that the judge in *Doe v. Shalala*, No. AMD-95-0153, Judge Andre M. Davis, was "wrongful" in granted summary judgment in that case, Compl. at 19, and engaged in misconduct, *id.* at 3 (alleging that Judge Davis lied under oath); *id.* at 20 (alleging that Judge Davis was part of a conspiracy to harm his career). The claim that the Judge Davis's summary judgment ruling was incorrect is barred by *res judicata*, as it was decided on appeal by the Fourth Circuit. *See Doe v. Shalala*, 1998 WL 129935, at *1. The remaining allegations against the judge are barred by judicial immunity, which protects judges from suit for acts committed within their judicial jurisdiction, even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).

a civil tort by sovereign immunity. *Kerns v. United States*, 585 F.3d 187, 193–94 (4th Cir. 2009). The FTCA waives sovereign immunity for certain torts committed by federal employees. *Id.* In relevant part, the FTCA gives federal district courts the jurisdiction to hear "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The underlying causes of action for FTCA claims derive from the applicable state law, such that an "action under the FTCA may only be maintained if the Government would be liable as an individual under the law of the state where the negligent act occurred." *Kerns*, 585 F.3d at 194. The FTCA does not waive sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

Dr. Doe alleges plagiarism by Dr. Brightman and resulting "personal injury" to his career. Compl. at 17–21, 26–27. He has not identified, and the Court cannot find, any Maryland law recognizing a cause of action for plagiarism. Dr. Doe thus cannot bring a plagiarism claim under the FTCA.[3] Dr. Doe also characterizes Dr. Brightman's alleged publication of the results of his scientific research as "fraud." Compl. at 29. Such a claim is also unavailable because the FTCA cannot be used to bring an action for "misrepresentation" or "deceit." 28 U.S.C. § 2680(h); *see, e.g., Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) ("[C]ourts have consistently held that fraud claims against the government are not permitted under the FTCA."); *Huff v. U.S. Dep't of the Army*, 508 F. Supp. 2d 459, 465 (D. Md. 2007)

---

[3] Even if a cause of action existed under Maryland law, it is unclear whether Dr. Doe can bring a claim for the plagiarism of his research at NIH. As the court noted in *Doe v. Shalala*, "[t]he NIH claims all discoveries resulting from Visiting Fellow research as NIH property." *Doe v. Shalala*, No. AMD-95-0153, Mem. Op. at 2.

(dismissing the plaintiff's fraud claim because it was "grounded in the tort of misrepresentation").

Dr. Doe also alleges injury resulting from the existence of the "adverse personnel record" at HHS, Compl. at 16, that is "intact for other institutions to use as a reference for evaluating Dr. Doe for employment eligibility," which has damaged his career and cost him employment opportunities and lost wages, *see id.* at 28, 32–33. To the extent this claim relates to the creation of information in the personnel file, it could have been asserted in the earlier case and would be barred by *res judicata*. *See supra* Part II. To the extent it alleges more recent conduct, such as making the contents of the personnel file available to prospective employers, this claim fails because the FTCA does not waive sovereign immunity for claims "arising out of libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

In *Siegert v. Gilley*, 500 U.S. 226 (1991), the plaintiff agreed to resign from his position at a federal government hospital because of his lack of reliability, then was turned down for a job based on a letter written by his former supervisor at the hospital that outlined his deficiencies. *Id.* at 228. When the plaintiff sued his supervisor for defamation, the Supreme Court of the United States noted that there would be no cause of action against the United States because claims for defamation are unavailable under the FTCA. *Id.* at 234. Likewise, in *Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991), the Fourth Circuit held that where a plaintiff asserted an FTCA claim for negligent maintenance of his personnel records, which led to the denial of employment opportunities, the claim was covered by the statutory exclusion of defamation claims. *Id.* at 1065–67. "Artful pleading cannot alter the fact that his claim "resound[s] in the heartland of the tort of defamation: the injury is to his reputation; the conduct is the communication of an idea, either implicitly or explicitly." *Id.* at 1066–67.

Thus, regardless of how Dr. Doe labels his claim, by asserting that the personnel file is damaging his "career, his reputation, and livelihood," Compl. at 16, Dr. Doe is essentially alleging that NIH's personnel file contains false information about him, and that NIH's maintenance of the personnel file effects "libel, slander, misrepresentation, or deceit" against him. *See Talbert*, 932 F.2d at 1066–67. Because there is no FTCA cause of action for such a claim, 28 U.S.C. § 2860(h), these allegations must be dismissed.[4]

## IV. Dr. Doe's Motion for Summary Judgment

Dr. Doe seeks summary judgment on the basis that HHS has not sufficiently shown that he is not entitled to relief under the allegations pleaded in the Complaint. *See* Pl.'s Mem. Opp. Def.'s Mot. Dismiss & Supp. Pl.'s Mot. Summ. J. at 21, ECF No. 19-1. Because the Court has concluded that Dr. Doe's claims are barred by *res judicata* or fail to state a claim under the FTCA, Dr. Doe is not entitled to summary judgment against the United States on his claims. His motion for summary judgment is denied.

## CONCLUSION

For the foregoing reasons, and as stated in a separate order, HHS's Motion to Dismiss, ECF No. 17, is GRANTED, and Dr. Doe's Motion to Deny Defendant's Motion, and Motion for Summary Judgment Against Defendant, ECF No. 19, is DENIED.

Date: March 27, 2015

THEODORE D. CHUANG
United States District Judge

---

[4] Dr. Doe also alleges that HHS failed to state the reasons for the denial of his administrative claim as required by 28 C.F.R. § 14.9(a). Compl. at 8. There is no such requirement, however, because the regulations only provide that the "final denial *may* include a statement of the reasons for the denial." 28 C.F.R. § 14.9(a) (emphasis added). Because including a statement of reasons is permissive, the failure to do so is not a basis to challenge the administrative decision.